# Exhibit C

# United States Small Business Administration
# Office of Hearings and Appeals

**PAYCHECK PROTECTION PROGRAM APPEAL OF**:

**MFRP Corp**

     Appellant

Appealed from
SBA PPP Loan No. 1739467202

Issued: **November 28, 2023**

Decision No. **PPP-1739467202**

Appearances:
    Mark Filtranti, Borrower, for the Appellant.
    Alexis Pinkston, Attorney for the Small Business Administration.

## DECISION

After carefully considering the evidence and arguments presented in the Administrative Record, the appeal petition of MFRP Corp (Appellant) is **DENIED**. For the reasons discussed below, the final SBA loan review decision is **AFFIRMED**.

## PROCEDURAL HISTORY

On April 3, 2020, the Appellant (Borrower) submitted a Paycheck Protection Program (PPP) Borrower Application. On April 15, 2020, the Appellant was approved for a PPP loan by TD Bank, National Association (Lender) in the amount of $243,750.00, and received the loan proceeds. On August 4, 2021, the Appellant submitted a PPP Loan Forgiveness Application Form through the Lender. On August 19, 2021, the Lender determined the Appellant should receive no loan forgiveness.

On September 7, 2023, the U.S. Small Business Administration (SBA) Office of Capital Access issued a final PPP loan review decision finding the Appellant ineligible for the PPP loan and any subsequent loan forgiveness. On September 21, 2023, the Appellant filed the instant appeal from that final SBA loan review decision arguing the final SBA loan review decision is clearly erroneous, and requests that the Office of Hearings and Appeals (OHA) reverse it, and find the Appellant is eligible for PPP loan forgiveness.

On October 2, 2023, the undersigned issued a Notice and Order requiring the filing of the Administrative Record (AR) by October 23, 2023, providing for the Appellant to file an Objection to the same by November 1, 2023, and allowing for SBA to file a Response to the Petition by November 16, 2023.

On October 23, 2023, the AR was filed.  The Appellant did not file an Objection to the AR. On November 16, 2023, SBA filed a Response to the Petition and the AR was closed.

## ISSUES

Whether the final SBA loan review decision contains clear error of law or fact to allow Appellant $243,750.00 in requested PPP loan forgiveness?

## APPLICABLE LAW AND POLICY

**Coronavirus Aid, Relief, and Economic Security (CARES) Act (Pub. L. 116–136)**
 -15 U.S.C. § 636(a)(36)(A), (D), (F), (G) and (Q)
 -15 U.S.C. § 636m(b), (d), (e), (f), and (g)
**15 U.S.C. § 631**
**15 U.S.C. § 9012**
**15 U.S.C. § 634(b)(6)**
**15 U.S.C. § 632(a)(1)-(2)(A)-(B)**
**15 U.S.C. § 636e(6)**
**13 C.F.R. §  120.110(b)**
**13 C.F.R. §§ 121.101(a), 121.102(a) and 121.201**
**PPP Interim Final Rules (IFR) #1 (85 Fed. Reg. 20811)**
**SBA – Standard Operating Procedures (SOP) 50 10 5(K)**
**13 C.F.R. part 134 Subpart L**

## FINDINGS OF FACT AND ANALYSIS

After careful consideration of the entire record, a preponderance of the evidence establishes it is the declared policy of Congress that the Federal Government, through the SBA Administrator, in cooperation with the Department of Commerce (DOC) and other relevant State and Federal agencies, should aid and assist small business, as defined by the Small Business Act. 15 U.S.C. § 631(b)(1).

SBA carries out the policies of the Small Business Act. 15 U.S.C. § 633(a).  The SBA Administrator makes rules and regulations to carry out the Small Business Act. 15 U.S.C. § 634(b)(6).

Section 7(a) of the Small Business Act authorizes SBA to make loans to qualified small businesses. 15 U.S.C. § 636(a).

For the purposes of the Small Business Act, a small business concern is one which is independently owned and operated, not dominant in its field of operation, and meets the size standards set by the Administrator. 15 U.S.C. § 632(a)(1)-(2)(A)-(B); 15 U.S.C. § 636e(6); 13 C.F.R. §§ 121.101(a), 121.102(a) and 121.201.

On March 27, 2020, the CARES Act became law. P.L.116-136. Section 1102 of the CARES Act amended Section 7(A) of the Small Business Act to establish the PPP. PPP is a temporary SBA 7(a) Loan Program designed to provide emergency assistance to certain small businesses during the COVID-19 crisis, for the purposes of helping businesses keep their workers paid and employed. The CARES Act was subsequently revised and expanded by other statutes.

In general, PPP was open to all American small businesses with 500 or fewer employees, including sole proprietorships, independent contractors, and self-employed individuals. Subject to other PPP requirements, Sections B.1.d and B.1.g permit the following types of business concerns to be eligible for PPP loans: 1) Certain eligible businesses owned by directors or shareholders of a PPP lender permitted to apply for a PPP loan through the lender with which they are associated; 2) A hospital owned by governmental entities; 3) Businesses that receive revenue from legal gaming; 4) Telephone & Electric cooperatives that are exempt from Federal income taxation under section 501(c)(12) of the Internal Revenue Code; 5) Housing cooperatives as defined in section 216(b) of the Internal Revenue Code; 6) Nonprofit and tax-exempt news organizations; 7) Destination marketing organizations; and 8) 501(c)(6) organizations. 15 U.S.C. § 636(a)(36)(D).

Section 1114 of the CARES Act grants the Administrator emergency rulemaking authority and provides no later than fifteen (15) days after March 27, 2020, the Administrator shall issue regulations to carry out the Act and amendments made to the Act without regard to the notice requirements of 5 U.S.C. § 553(b) (15 U.S.C. § 9012).

In addition to the criteria specified in 15 U.S.C. § 632(a)(1), the Administrator may specify detailed definitions or standards by which a business concern may be determined to be a small business concern for the purposes of the Small Business Act or any other act. The standards specified by the Administrator may utilize number of employees, dollar volume of business, net worth, net income, a combination thereof, or other appropriate factors. 15 U.S.C. § 632(a)(2)(A)&(B).

In addition to the criteria specified in 15 U.S.C. § 632(a)(1), the Administrator may specify detailed definitions or standards by which a business concern may be determined to be a small business concern for the purposes of the Small Business Act or any other act. The standards specified by the Administrator may utilize number of employees, dollar volume of business, net worth, net income, a combination thereof, or other appropriate factors. 15 U.S.C. § 632(a)(2)(A)&(B).

The CARES Act set forth the following definitions: 'Covered Loan' means a loan made under the PPP; 'Covered Period' means the period beginning on February 15, 2020 and ending on June 30, 2021; & 'Eligible Recipient' means an individual or entity eligible to receive a covered loan. 15 U.S.C. § 636(a)(36)(A)(ii-iv).

Unless otherwise provided by 15 U.S.C. § 636(a)(36), SBA guarantees covered PPP loans under the same terms, conditions, and processes as other 7(a) loans. 15 U.S.C. § 636(a)(36)(B).

Under PPP, borrowers obtain loans through an SBA-approved lender, rather than from SBA itself, and the lender services the PPP loan.  SBA implements the program and guarantees 100% of PPP loans in the event of default.  Borrowers were permitted to apply for both an Economic Injury Disaster Loan and a PPP loan but could not utilize the loans for the same purpose.  15 U.S.C. § 636(a)(36)(Q).

As a condition for obtaining a PPP loan, a borrower was required to certify that PPP funds would be used to retain workers and maintain payroll or to make mortgage, lease, and utility payments.  15 U.S.C. § 636(a)(36)(G).

Unless otherwise provided by 15 U.S.C. § 636(a)(36), SBA guarantees covered PPP loans under the same terms, conditions, and processes as other 7(a) loans. 15 U.S.C. § 636(a)(36)(B).

On April 3, 2020, the Appellant submitted a PPP Borrower Application Form 2483 to the Lender, which certifies the Appellant had an average monthly payroll of $97,500.00 for 25 employees. (AR pp. 212-214).

In terms establishing eligibility for a PPP loan, on April 15, 2020, SBA published IFR #1, which provides PPP loan eligibility is determined solely at the time of filing a PPP Borrower Application Form 2483.

On April 15, 2020, the Appellant was approved for a PPP loan by the Lender in the amount of $243,750.00 and received the loan proceeds on April 27, 2020. (AR pp. 141 and 148).

Section 1106 of the CARES Act amended Section 7 of the Small Business Act to establish PPP loan forgiveness.  PPP funds could not be used for compensation of employees whose principal place of residence was outside the United States.  Further, salary expenditures were capped at no more than $100,000.00 annually per employee. 15 U.S.C. § 636(a)(36)(A)(viii)(II).  The CARES Act provides forgiveness of both first and second draw PPP loans to an eligible recipient on a covered loan in an amount equal to the sum of the costs incurred/payments as defined by the CARES Act made during the covered period. The CARES Act set forth the following definitions: 'Covered Loan' means a loan made under the PPP; 'Covered Period' means the period beginning on February 15, 2020 and ending on June 30, 2021; & 'Eligible Recipient' means an individual or entity eligible to receive a covered loan15 U.S.C. § 636(a)(36).

To be eligible for loan forgiveness, at least 60 percent of the PPP loan must have been used to fund payroll and employee benefits costs.  The remaining portion (up to 40 percent) of the loan may have been used for mortgage interest, rent, and other eligible expenses.  Subject to certain exceptions, the amount that can be forgiven may be reduced in proportion

to any reductions in the number of full-time equivalent employees, or if employee salary or wages were reduced by more than 25%. 15 U.S.C. § 636m(d)(8) and § 636m(d)(2-3).

On June 5, 2020, the Paycheck Protection Program Flexibility Act of 2020 (Flexibility Act) (Pub. L. 116–142) changed key provisions of the PPP, including the provisions relating to PPP loan forgiveness. Section 3(b) of the Flexibility Act amended the requirements regarding forgiveness of PPP loans to reduce, from 75 percent to 60 percent, the portion of PPP loan proceeds that must be used for payroll costs for the full amount of the PPP loan to be eligible for forgiveness.

To seek loan forgiveness, a PPP borrower must submit a Loan Forgiveness Application (Form 3508) to its lender, with supporting documentation of its expenditures. Within the application, the borrower must certify that PPP funds were utilized for authorized purposes, and that all documentation provided is true and correct. Forgiveness is prohibited without appropriate supporting documentation, or without the required certification. 15 U.S.C. § 636m(e)(3), (f), (g), and (b).

On August 4, 2021, the Appellant submitted PPP Loan Forgiveness Form 3508 (Lender's equivalent), along with some documentation and the required certification concerning the validity of expenses. The Appellant certified it was an S Corporation and had a Covered Period of April 27, 2020, through October 4, 2020. (AR pp. 148-165).

In general, a PPP borrower may obtain forgiveness, up to the full amount of its loan, for eligible expenses made during the loan's "covered period" (typically, 24 weeks from the date of loan origination). 15 U.S.C. § 636m(b). The Lender must review the Loan Forgiveness Application (Form 3508) and make an initial decision regarding loan forgiveness. 15 U.S.C. § 636m(g).

On August 19, 2021, the Lender determined the Appellant should receive no loan forgiveness. (AR pp. 67 and 73).

Following issuance of a lender decision, the SBA Office of Capital Access may issue a final SBA loan review decision, which is an official written decision issued by the SBA Office of Capital Access which may find the Appellant was ineligible for the PPP loan amount received or is ineligible for PPP loan forgiveness in the amount determined by the Lender in its full or partial initial decision. Thus, the loan forgiveness process includes a dual SBA review of the Appellant's underlying qualification during the covered period for the amount of PPP loan received (loan eligibility) and documentation to support loan forgiveness. 13 C.F.R. § 134.1201(b)(2)&(3).

On February 21, 2023, SBA notified the Lender it was reviewing the Appellant's PPP loan. SBA requested the documentation used to secure the loan and justify the Lender's forgiveness decision. (AR pp. 67-68).

On March 2, 2023, and April 5, 2023, SBA advised the Lender (and Appellant) that absent addition of documentation supporting the loan, a negative forgiveness decision would be likely. (AR pp. 69-72).

On May 11, 2023, SBA issued a final loan review decision providing the Appellant with $0.00 of PPP loan forgiveness. SBA found the Appellant was *"a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring."* This rendered the Appellant ineligible for the PPP loan and correspondingly ineligible for loan forgiveness. (AR pp. 142-144).

OHA conducts PPP appeals under the authority of 13 C.F.R. part 134 Subpart L. The Appellant has the burden of proving all elements of the appeal. Specifically, the Appellant must prove the final SBA loan review decision was based upon a clear error of fact or law. Only a borrower on a loan, or its legal successor in interest, has standing to appeal a final SBA loan review decision. 13 C.F.R. §§ 134.1210 and 134.1203.

On June 27, 2023, the Appellant filed an appeal with OHA from that final SBA loan review decision. On or about July 11, 2023, SBA withdrew the final SBA loan review decision and the matter was dismissed and remanded to SBA for issuance of new final SBA loan review decision on July 11, 2023.

On September 7, 2023, SBA issued a final loan review decision providing the Appellant with $0.00 of PPP loan forgiveness. SBA found from review of the Appellant's website ([www.squireclub.com](www.squireclub.com)) that the Appellant advertised it was: 1) "*The Boston Area's Premiere Adult Entertainment Ultra Club, and Lifestyle Luxury Lounge.*"; and 2) Offered "*full nude Exotic Dancers, Strippers, and Showgirls...*" SBA held the Appellant's business was "*providing Prurient Sexual Material*". This rendered the Appellant ineligible for the PPP loan and correspondingly ineligible for loan forgiveness. (AR pp. 145-147).

On September 21, 2023, the Appellant filed a timely appeal petition with OHA from the new final SBA loan review decision. Through written statement, the Appellant argues in favor of full loan forgiveness, as follows:

> *"Good afternoon, in April of 2020 we were given a PPP loan for $243,750 for MFRP corp, a lawful business in Massachusetts for 12 years. We applied for forgiveness on the loan and the SBA denied it without given proper reason. I appealed to OHA and it was decided that the SBA needed further review to give proper reason for the Denial.*
>
> *Now we are several months forward and SBA is saying we shouldn't have gotten the loan in the first place, because of our type of business.*
>
> *This has been argued in Federal Court and it was decided that the SBA could not deny our industry of these Loans.*

> *It also states that the SBA cannot pick and choose giving loans to some Businesses in our industry and not to others.*
>
> *It is important to remember that 3 years ago the US Congress passed the CARES ACT which was a lifeline for businesses that were destroyed by the Pandemic.*
>
> *It is also important to remember that this was money Granted by the Cares Act and distributed by the SBA. It was not the SBA funds and didn't give the SBA the right to grant some loans to our industry and deny others like ours.*
>
> *I have attached Legal arguments and Judges decisions on these matters.*
>
> *Respectfully, I don't know why the SBA is still trying to fight the forgiveness of our Loans and now they decided to say we shouldn't have gotten the loan in the first place."*

In support of this argument, the Appellant attached the following: 1) Decision and Order – Camelot Banquet Rooms, Inc. v. United States Small Business Administration, Case No. 21-C-0447 (August 19, 2021); 2) Camelot Banquet Rooms, Inc. v. United States Small Business Administration, Case No. 20-C-0601 - Preliminary Injunction dated May 1, 2020); and 3) "LEGAL Argument". (Dkt. "Legal Argument", "LEGAL ARGUMENT", and "Federal PPP ruling").

In terms establishing eligibility for a PPP loan, on April 15, 2020, SBA published IFR #1, which provides PPP loan eligibility is determined solely at the time of filing a PPP Borrower Application Form 2483. Pursuant to 13 C.F.R. § 134.1201(b)(1)-(4), SBA is obligated to review the entirety of a PPP borrowers loan application, approval, and forgiveness request.

The CARES Act created PPP and placed the same within SBA's existing 7(a) business loan programs. Prior to the creation of PPP, SBA, through 13 C.F.R. § 120.110(p), held businesses that "present live performances of a prurient sexual nature" were ineligible for any SBA business loan programs. This exclusion has applied to 7(a) programs since issuance.

IFR #1, which was available to the Appellant at the time of submitting its PPP loan application to the Lender applies to PPP loan applications submitted through June 30, 2020. The same advised all PPP lenders and applicants of the basic PPP eligibility criteria, including the incorporation of 13 C.F.R. § 120.110 and SOP 50 10. It specifically informed PPP lenders and applicants that "[b]usinesses that are not eligible for PPP loans are identified in 13 C.F.R. 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible." 85 Fed. Reg. at 20812.

Due process requires the government provide citizens and other actors with sufficient notice as to what behavior complies with the law. <u>US v. AMC Entm't, Inc.</u>, 549 F.3d 760, 768 (9th Cir. 2008). SBA and the U.S. Treasury Department did so by posting IFR #1 on their websites immediately prior to the opening of the PPP.

Government agency websites, and the information contained within government agency websites, are typically considered matters of public record. Century Indem. Co., 2015 U.S. Dist. LEXIS 115324 *2 (D. Or. August 31, 2015). A party may not deny knowledge or information of a matter of public record or general public notice. Republic of Cape Verde v. A & A Ptnrs., 89 F.R.D. 14, 27 (S.D.N.Y. 1980) (internal citations omitted).

The plain language of the IFR #1 directed businesses to look at not only 13 C.F.R. 120.110 in determining eligibility for PPP loans, but also at SBA's SOP 50 10. The version of the SOP in effect at the time of Appellant's loan specifically provided that:

> A business is not eligible for SBA assistance if: i. It presents live or recorded performances of a prurient sexual nature; or ii. It derives more than 5% of its gross revenue, directly or indirectly, through the sale of products, services or the presentation of any depictions or displays of a prurient sexual nature. SOP 50 10 5(K), Subpart B, Chapter 2, Paragraph III.A.15: Ineligible Types of Businesses, at pg. 114.

Here, the parties agree the Appellant's business involves live adult entertainment, but disagree the business is of a prurient sexual nature. Further, the parties disagree as to whether SBA's preclusion of such a business from PPP using SBA's existing 7(a) loan program exclusion under 13 C.F.R. § 120.110(p) is proper.

As it relates to the prurient nature of the business, the AR, through the Appellant's own public website states the following: "*Welcome to The Squire where your erotic dreams become a reality. Only minutes from downtown Boston and The Encore Boston Harbor, The Squire offers full nude Exotic Dancers, Strippers, and Showgirls, serving a large selection of specialty cocktails, premium domestic, and imported beer, wine, high end champagne, and other adult beverages, including complete bottle service. Featuring special events, parties, and one of a kind promotions during every holiday, and throughout the year. Immersive entertainment showcasing some of Boston's top DJs spinning all the hits, state of the art light, and sound, widescreen TV monitors featuring all the current sports action, V.I.P. booths, private show rooms, and luxury champagne lounge, 2 stages, and the loveliest Ladies New England has to offer. Ladies and Couples are always welcome. 21+*." (AR p. 8).

Prurient sexual nature is not defined in SBA regulations or in the CARES Act. In Roth v. United States, 354 U.S. 476 (1957), the Supreme Court modified the definition of obscenity and explained the difference between sex and obscenity for purposes of the First Amendment. The Supreme Court noted obscene material is material which deals with sex in a manner appealing to prurient interest. The Court explained that prurient interest "material having a tendency to excite lustful thoughts."

Following the introduction of prurient interests, the definition, for purposes of determining obscenity, were subsequently defined by the U.S. Supreme Court in Miller v. California, 413 U.S. 15 (1973) as being an erotic, lascivious, abnormal, unhealthy, degrading, shameful, or morbid interest in nudity, sex, or excretion.

Here, the Appellant's own website defines more than a de minimis portion of its business as being "*full nude Exotic Dancers, Strippers, and Showgirls*".  The publicly available information about Appellant's business practices support SBA's finding the Appellant is a business providing prurient sexual material. Based upon the forgoing, SBA did not commit error in finding the Appellant engaged in providing live performances of a prurient sexual nature.

As it relates to the application of 13 C.F.R. § 120.110(p), the Appellant's primary argument in favor of loan eligibility and forgiveness relies upon the holding and issuance of a preliminary injunctions by a U.S. District Court.  The Appellant submitted the Decision and Order for Camelot Banquet Rooms, Inc. v. United States Small Business Administration, Case No. 21-C-0447 (August 19, 2021) and for Camelot Banquet Rooms, Inc. v. United States Small Business Administration, Case No. 20-C-0601 (May 1, 2020).  These decisions reflect that as of August 19, 2021, the U.S. District Court Eastern District of Wisconsin found the plaintiffs (numerous "strip clubs") were likely to succeed on the merits in a claim to find SBA's exclusion from PPP under 13 C.F.R. § 120.110(p) for businesses that present live performances of a prurient sexual nature improper.  Specifically, the District Court preliminarily enjoined SBA from using 13 C.F.R. § 120.110(p) and 15 U.S.C. § 636(a)(37)(A)(iv)(III)(aa) to determine the plaintiffs eligibility for First or Second Draw PPP loans under 15 U.S.C. § 636(a)(37).

The Appellant appears unaware that the 7th Circuit Court of Appeals vacated the preliminary injunctions concluding the District Court erred in granting the preliminary injunctions.  The Appeals Court found SBA likely to succeed on the merits in supporting the exclusion from PPP under 13 C.F.R. § 120.110(p) for businesses that present live performances of a prurient sexual nature improper. *See* Camelot Banquet Rooms, Inc. v. United States Small Business Administration, Case No. 21-2589 (7th Cir. Ct. of Appeals, January 26, 2022).  As such, the Appellant's reliance on these cases is misplaced.

Congress created SBA through the Small Business Act of July 30, 1953.  SBA is under the general direction and supervision of the President and may not be affiliated with or be within any other agency or department of the Federal Government.  The management of SBA is vested in an Administrator who shall be appointed from civilian life by the President, by and with the advice and consent of the Senate.  The Administrator is authorized to appoint Associate Administrators (AA) to assist in the execution of the functions vested in the SBA.  One such AA is the Chief Hearing Officer, who administers the Office of Hearings and Appeals (OHA).  OHA was established to "impartially decide matters relating to program decisions of the Administrator".  The AA of OHA is the Chief Hearing Officer and is responsible to the Administrator.  The Chief Hearing Officer is responsible for the operation and management of OHA. Pub. L. 85–536 (July 18, 1958); as Amended through Pub. L. 117–6 (March 30, 2021); 15 U.S.C. 631 et seq.; 72 Stat. 384 et seq.

OHA assigns all cases subject to the Administrative Procedure Act ("APA"), 5 U.S.C. 551 et seq., to an Administrative Law Judge ("ALJ") and assigns all other cases before OHA to either an ALJ or an Administrative Judge ("AJ"), or, if the AA of OHA is a duly licensed attorney, to himself or herself.  Except as otherwise limited by regulation or by statute, an

ALJ, AJ, and the AA has the authority to take all appropriate action to ensure the efficient, prompt, and fair determination of a case. This authority includes, but is not limited to, the authority to administer oaths and affirmations and to subpoena and examine witnesses. 13 C.F.R. § 134.218.

ALJs have no constitutionally based judicial power, see Ramspeck v. Federal Trial Examiners Conference, 345 U.S. 128, 132-33 (1953), but are employees of the executive branch department or agency employing them. As such, ALJs are bound by all policy directives and rules promulgated by their agency, including the agency's interpretations of those policies and rules. See Nash v. Bowen, 869 F.2d 675, 680 (2d Cir.), cert, denied, 493 U.S. 813 (1989); Mullen v. Bowen, 800 F.2d 535, 540- 41 n.5 (6th Cir. 1986); Brennan v. Department of Health and Human Services, 787 F.2d 1559 (Fed. Cir.), cert, denied, 479 U.S. 985 (1986); Goodman v. Svahn, 614 F. Supp. 726, 728 (D.D.C. 1985); Association of Administrative Law Judges, Inc. v. Heckler, 594 F. Supp. 1132, 1141 (D.D.C. 1984); c f D'Amico v. Schweiker, 698 F.2d 903, 906 (7th Cir. 1983). Accord 34 C.F.R. § 81.5(b) (embodying in Department regulations the requirement that ALJs adhere to policies and rules of the agency).

ALJs do not exercise the broadly independent authority of an Article III judge, but rather operate as subordinate executive branch officials who perform quasi-judicial functions within their agencies. In that capacity, they owe the same allegiance to the Secretary's policies and regulations as any other Department employee. The APA explicitly provides the power of employees presiding at agency hearings is subject to the rules prescribed by the employing agency: 5 U.S.C. § 556(c).

OHA ALJs are bound by SBA regulation and interpretation of its governing statutes and regulations. OHA has consistently recognized such challenges as being improper and recognized the limited scope of its authority. OHA has repeatedly held it "is not the proper forum for a challenge to the validity of a regulation." Matter of Cognitive Professional Services, Inc., Case No. BDPE-545 at *3 (March 10, 2015) ("Questions about the validity or constitutionality of regulations do not fall within the jurisdiction of the Office of Hearings and Appeals, and I may not consider them. See 13 C.F.R. § 134.102."); accord Jim Plunkett, Inc. re: E.S. Edwards & Sons, Inc., SBA No. 3838 at *2 (October 4, 1993) (finding complaint challenging SBA's regulations as overly complex to be "beyond the jurisdiction of this Office."); Nations Incorporated, Appellant re: Technical and Management Services Corporation, SBA No. 3611 at *8 (April 24, 1992) ("[A]ny question concerning the validity of a regulation is beyond this delegated authority."); International Ordinance, Inc., Appellant, SBA No. 3319 at *4 (August 6, 1990) ("The constitutional challenge of these regulations by the Appellant is beyond the limited jurisdiction of this Office.")

ALJs presiding over OHA PPP appeals on behalf of SBA are bound by SBA's First IFR available at the time, which states "Businesses that are not eligible for PPP loans are identified in 13 C.F.R. 120.110 . . . ." 85 Fed. Reg. 20,812 (April 15, 2020), as well as SBA's interpretation that the CARES Act includes application of SBA regulation at 13 C.F.R. § 120.110. See CARES Act § 1102, 134 Stat. at 287; 15 U.S.C. § 636(a)(36)(B).

Section 1114 of the CARES Act waived the notice and comment requirement for the Interim Final Rule. Thus, the Interim Final Rule has the force and effect of a Final Rule and Regulation. See 5 U.S.C. §553; "A Guide to the Rulemaking Process", p. 8.  Therefore, the CARES Act placed the PPP within the SBA 7(a) Loan Program.

For the foregoing reasons, OHA and the undersigned are without authority to invalidate SBA's IFR #1 or 13 C.F.R. § 120.110(p), as interpreted by SBA under the CARES Act.  For the same reasons, IFR #1 and 13 C.F.R. § 120.110(p) are applicable to this PPP loan forgiveness matter.

Here, the AR, admissions, and pleadings support SBA's finding that the Appellant was ineligible for this PPP at the time of application because the Appellant was a business providing prurient sexual material. IFR #1 and 13 C.F.R. § 120.110(p).  SBA did not commit error in finding the Appellant ineligible for this PPP loan.

In terms of loan forgiveness, SBA regulations provide that an ineligible borrower would not receive loan forgiveness under the CARES Act. *See* e.g. CARES Act § 1106(b), 134 Stat. at 298 (codified at 15 U.S.C. § 636(b))("An eligible recipient shall be eligible for forgiveness . . . .); Paycheck Protection Program-Requirements-Loan Forgiveness, 85 Fed. Reg. 33004, 33005 (May 28, 2020) ("If SBA determines in the course of its review that the borrower was ineligible for the Wells Fargo Loan . . . the loan will not be eligible for loan forgiveness."); Paycheck Protection Program-Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, 86 Fed. Reg. 8283, 8296 (February 3, 2021) (consolidates and restates multiple PPP Interim Final Rules regarding forgiveness requirements, including requirement that ineligible borrowers will not receive loan forgiveness).

As the Appellant is ineligible for the PPP loan at issue, the Appellant may not receive loan forgiveness.  SBA did not commit error in denying loan forgiveness.

The final SBA loan review decision is well supported by the record and devoid of any clear error of law or fact.  As such, the final SBA loan review decision is **AFFIRMED**.

## CONCLUSION OF LAW

The Appellant was ineligible for PPP Loan Number 1739467202 and precluded from PPP loan forgiveness.

The final SBA loan review decision is not based on clear error of fact or law.

The Appellant remains liable for PPP Loan Number 1739467202.

## **ORDER**

For the reasons discussed above, this appeal petition is **DENIED**.  The Appellant is only entitled to PPP loan forgiveness in the amount established by the final SBA loan review decision.  I direct SBA to process the loan forgiveness request in accordance with this decision.

**SO ORDERED.**

_____
Brian J. Haring
U.S. Administrative Law Judge

Docket No. PPP-1739467202

> **NOTICE OF APPEAL RIGHTS AND PROCEDURES**
>
> Either SBA or the Appellant may request reconsideration of an initial decision by filing with the Judge and serving a petition of reconsideration within ten (10) calendar days after service of the initial decision. 13 C.F.R. § 1211(c)(1). The Judge may also reconsider an initial decision on his or her own initiative within 20 calendar days after service of the initial decision. 13 C.F.R. § 134.1211(c)(2).
>
> A RECONSIDERED INITIAL DECISION becomes the FINAL DECISION of SBA 30 calendar days after service unless the SBA Administrator decides to review or reverse the reconsidered decision under 13 C.F.R. § 134.1211(d). 13 C.F.R. § 134.1211(c)(3).
>
> In the event the SBA Administrator elects to review and/or reverse an initial OHA decision and a timely reconsideration request is also filed by Appellant pursuant to 13 C.F.R. § 134.1211(c)(1), the Administrator will consider the reconsideration request. 13 C.F.R. § 134.1211(d). The discretionary authority of the SBA Administrator does not create any additional appeal rights for Appellant not otherwise specified in the applicable SBA regulations at Title 13, Part 134, Subpart L. 13 C.F.R. § 134.1211(c)(3). Within 30 calendar days after service of an initial OHA decision or reconsidered initial OHA decision, the SBA Administrator, <u>solely within the Administrator's discretion</u>, may elect to review and/or reverse an initial decision or reconsidered initial decision. 13 C.F.R. § 134.1211(d).